IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENTON WILSON,            )<br>No. K68637,                         )<br>                                           )<br>                   Plaintiff,       )<br>                                           )<br>vs.                                    )<br>                                           )<br>JUDGE THADDEUS WILSON,  )<br>TOD M. URBAN,                  )<br>COOK COUNTY CRIMINAL DIVISION, )<br>VIENNA CORRECTIONAL CENTER, )<br>ILLINOIS BENCH, and           )<br>ILLINOIS BAR ASSOCIATION, )<br>                                           )<br>                   Defendants.  ) | CIVIL NO. 13-cv-00485-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Quenton Wilson is currently incarcerated at Vienna Correctional Center ("Vienna"). Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding alleged constitutional violations and federal statutory violations that occurred: (1) with respect to his criminal prosecution in Cook County, Illinois, within the Northern Judicial District of Illinois; (2) regarding the conditions of confinement at Vienna, located within the Southern Judicial District of Illinois; and (3) in the calculation of his sentence by the Illinois Department of Corrections (Doc. 1).

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court's review reveals that the complaint does not satisfy minimum pleading requirements. It is also clear that severance of claims into separate cases is appropriate in accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The transfer of one or more claims pursuant to 28 U.S.C. § 1391(b), § 1404(a) also appears warranted.

1

Furthermore, it appears that not all of the claims can be brought under 42 U.S.C. § 1983. In the end, the Court finds that dismissal of the complaint, without prejudice is appropriate, thereby leaving Plaintiff to control his destiny and what filing fees are incurred.

**The Adequacy of the Complaint**

Preliminary review of the complaint is dictated under 28 U.S.C. § 1915A, which states:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The statement of claim in the complaint consists of a single, run-on sentence, including a few legal buzzwords. The Court cannot do better than to recognize that Plaintiff is taking issue with: (1) his state criminal prosecution and conviction; (2) the Department of Corrections' calculation of his sentence and projected release date; and (3) asbestos in the ceiling at Vienna.

The complaint does not make clear which defendant allegedly did what. References to "the People of the State of Illinois" and "Prosecution Attorney's Office" [sic] suggest that Plaintiff may have intended to name more defendants than are listed in the caption of the complaint. *See* Fed.R.Civ.P. 10(a) (the caption of the complaint must name all parties). Furthermore, the Court has only been able to guess at what claims Plaintiff may be trying to assert. The most clearly stated claim is: "…there is 'Abestos' [sic] in the ceiling, Tort Claim…." That is merely an assertion, without the barest of details to move the claim from possibility to plausibility. Therefore, the *Twombly* standard clearly has not been met. *See also* Fed.R.Civ.P. 8(a).

For the reasons stated, summary dismissal is warranted, without prejudice to Plaintiff filing an amended complaint. At the risk of offering an advisory opinion, Plaintiff should keep the following in mind when drafting any amended complaint.

**<u>Severance of Causes of Action</u>**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607,

(citing 28 U.S.C. § 1915(b), (g)). Normally, the Court would delineate which claim(s) against which defendant(s) constitutes each severed case; however, that is not possible because the complaint fails to satisfy the minimal pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are no readily apparent impending statute of limitations deadlines, so dismissal of these severed claims from this action should not prejudice Plaintiff. However, he should be mindful of such deadlines when deciding whether to file new actions.

### Sentencing Calculation

A plaintiff seeking damages under 42 U.S.C. § 1983 for a sentencing miscalculation must first have the improper sentence invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). If the nature of the procedural challenge would necessarily imply the invalidity of the deprivation, then the claim is not cognizable under Section 1983. *See Edwards v. Balisok,* 520 U.S. 641, 645 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck,* 512 U.S. at 481. Although a plaintiff may challenge his continued confinement in a habeas corpus action pursuant to 28 U.S.C. § 2254, he must first present all of his claims to the Illinois courts.

### DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Quenton Wilson's complaint is **DISMISSED** without prejudice for failure to state a claim, and with leave to amend.

**IT IS FURTHER ORDERED** that on or before August 16, 2013, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in dismissal of this case with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Any

amended complaint shall be subject to preliminary review under 28 U.S.C. § 1915A; failure to state a colorable claim will likely result in the dismissal of this action.  *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 17, 2013**

**s/ J. PHIL GILBERT**
**United States District Judge**
